**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID DEATON                                                                                  PLAINTIFF

v.                                            **Case No. 4:13-cv-00688-KGB**

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                                  DEFENDANT

<u>ORDER</u>

On October 16, 2013, plaintiff David Deaton filed a complaint against defendant Hartford

Life and Accident Insurance Company ("Hartford") in the Circuit Court of White County,

Arkansas (Dkt. No. 2).  On December 2, 2013, Hartford removed the action to this Court (Dkt.

No. 1).  Mr. Deaton subsequently amended his complaint to allege entitlement to disability

benefits under the Employee Retirement Income Securities Act, 29 U.S.C. § 1001 *et seq.*

("ERISA") (Dkt. No. 4).  On January 8, 2014, Hartford filed a motion to dismiss Mr. Deaton's

amended complaint (Dkt. No. 7).  Mr. Deaton filed a response (Dkt. No. 9), to which Hartford

filed a reply (Dkt. No. 11).

Because both parties submitted affidavits and documents outside the pleadings that were

not excluded by the Court, the Court converted defendant's motion to one for summary judgment

pursuant to Federal Rule of Civil Procedure 12(d) (Dkt. No. 14).  Rule 12(d) requires that "[a]ll

parties must be given a reasonable opportunity to present all the material that is pertinent to the

motion," and "[a] party against whom this procedure is used . . . is normally entitled to notice

that conversion is occurring."  *Barron ex rel. D.B. v. S.D. Bd. of Regents*, 655 F.3d 787, 792 (8th

Cir. 2011).  The Court gave the parties notice of the conversion and an opportunity to

supplement the record with any pertinent materials.  Hartford filed a supplement (Dkt. No. 15),

while Mr. Deaton chose to stand on his original response to Hartford's motion (Dkt. No. 16).

For the following reasons, the Court grants Hartford's motion and dismisses with prejudice Mr. Deaton's amended complaint.

## I.     Factual Background

Hartford is an insurance company that issued Mr. Deaton's former employer, Wal-Mart Stores, Inc., a group policy of long term disability insurance coverage. Mr. Deaton alleges that he was a participant in that disability plan, that he became disabled, and that he is entitled to benefits.

On April 4, 2012, Hartford approved Mr. Deaton's previously made claim for long term disability benefits under the policy. On December 17, 2012, Mr. Deaton received a letter from Hartford discontinuing his benefits effective March 25, 2013 (Dkt. No. 8-1). The termination letter stated that:

> [ERISA] gives you the right to appeal our decision and receive a full and fair review. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from the receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Please include your printed or typed full name, Policyholder, and at least the last four digits of your Social Security Number with your appeal letter (i.e. xxx-xx-1234). Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.
>
> Once we receive your appeal, we will again review your entire claim, including any information previously submitted and any additional information received with your appeal. Upon completion of this review, we will advise you of our determination. After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.
>
> Please send your appeal letter to:
>
> GBD Claim Appeal Unit
> Hartford Life Insurance Company
> P.O. Box 2999
> Hartford, CT 06104-2999

(Dkt. No. 8-1, at 6).   Likewise, Mr. Deaton's certificate of insurance stated that, if Mr. Deaton chose to appeal a denied claim, he must do so "no later than the expiration of 180 days from the date you received your claim denial" (Dkt. No. 15-1, at 24).   Pursuant to the termination letter and certificate of insurance, Mr. Deaton had until June 15, 2013—180 days after receipt of the termination letter on December 17, 2012—to file an appeal.   *See Kitterman v. Coventry Health Care of Iowa, Inc.*, 632 F.3d 445, 449 (8th Cir. 2011) ("[W]hen interpreting the terms of the plan, we cannot ignore provisions or rewrite the plan documents . . . ."); *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 612 (2013) (holding that a disability plan's limitations provision must be given effect unless the period is unreasonably short or a "controlling statute" prevents the limitations period from taking effect).

On May 2, 2013, Mr. Deaton, through his counsel, replied to Hartford by letter addressed to Patrick McCarthy in Hartford's Benefit Management Services, Atlanta Disability Claim Office (Dkt. No. 9-1).   The May 2 letter requested a copy of the policy at issue, additional time in order to submit an appeal, and confirmation that the appeal period began on March, 25, 2013, when Hartford stopped paying Mr. Deaton's benefits.   Specifically, Mr. Deaton's counsel stated that he had "been retained to represent Mr. Deaton with respect to his claim for benefits" and "would like to request a copy of the above-referenced disability policy for our review, as well as additional time to submit an appeal on Mr. Deaton's behalf" (*Id.*).   Hartford responded to the letter by providing a copy of the policy at issue but did not address the other issues that Mr. Deaton's counsel raised.

On May 13, 2013, Mr. Deaton's counsel sent another letter to Mr. McCarthy stating that the policy required an explanation of the review procedure upon denial of a claim and again seeking confirmation that the appeal period began on March 25, 2013 (Dkt. No. 9-2).   Mr.

Deaton's counsel alleges that he received no response to his May 13 letter, though Hartford claims it sent him a letter dated May 16, 2013, advising that the 180-day appeal period commenced upon his receipt of the termination letter, as stated in the termination letter.  In its supplement, Hartford provided an alleged copy of the May 16 letter (Dkt. No. 15-1, at 42).

On July 8, 2013, Mr. Deaton's counsel contacted Mr. McCarthy by telephone.  Mr. McCarthy informed Mr. Deaton's counsel that, to process an appeal, Mr. Deaton must request additional time to file an appeal (Dkt. No. 9-3).  Mr. McCarthy also informed Mr. Deaton's counsel that such requests needed to be in writing, that they were routinely granted, and that there was no foreseeable reason why Mr. Deaton's request would be denied (*Id.*).  Mr. Deaton's counsel submitted a written request later that day.  On August 7, 2013, Appeals Specialist Mary Floyd denied by facsimile Mr. Deaton's request for additional time to appeal (Dkt. No. 9-4).

## II.      Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law."  *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).  However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving

party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.   Analysis

Hartford argues that Mr. Deaton's amended complaint must be dismissed because Mr. Deaton failed to exhaust his administrative remedies under the controlling employee welfare benefit plan. Hartford contends that Mr. Deaton failed to file a timely administrative appeal and that the time for doing so has passed.

The Eighth Circuit requires claimants to exhaust all of their administrative remedies prior to filing suit. *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010) ("Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." (citation omitted)). Courts have applied this principle to grant summary judgment against plaintiffs who filed actions before exhausting their administrative remedies. *See Reindl v. Hartford Life & Accident Ins. Co.*, 861 F. Supp. 2d 997, 1003 (E.D. Mo. 2012), *aff'd*, 705 F.3d 784 (8th Cir. 2013); *Price v. Xerox Corp.*, 379 F. Supp. 2d 1026, 1029-30 (D. Minn. 2005), *aff'd*, 445 F.3d 1054 (8th Cir. 2006); *Campos-Holmer v. Standard Life Ins. Co.*, 370 F. Supp. 2d 912, 919 (W.D. Mo. 2005). Further, courts have dismissed such actions with prejudice where the deadline for filing an administrative appeal has since passed. *See Reindl*, 861 F. Supp. 2d at 1003

Mr. Deaton makes two arguments in response to Hartford's motion. First, Mr. Deaton argues that his correspondence with Hartford satisfied the exhaustion requirement because it provided adequate notice of an appeal by clearly bringing the issue to Hartford's attention.

Because the plan granted Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions" where interpretation is governed by ERISA (Dkt. No. 4-1, at 18), the Court reviews Hartford's decision that Mr. Deaton failed to satisfy the exhaustion requirement for an abuse of discretion. *Reindl*, 705 F.3d at 787. Accordingly, the question before this Court is whether Hartford's determination that Mr. Deaton's May letters—the only letters sent before the June 15, 2013, deadline to file an appeal— did not satisfy the exhaustion requirement is reasonable, "even if a different, reasonable interpretation could have been made." *Id.* at 788 (quoting *Ratliff v. Jefferson Pilot Fin. Ins. Co.*, 489 F.3d 343, 348 (8th Cir. 2007)) (internal quotation marks omitted); *see Midgett v. Washington Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 897 (8th Cir. 2009) ("The requirement that the [plan administrator's] decision be reasonable should be read to mean that a decision is reasonable if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." (alteration in original) (citation omitted)).  A decision is reasonable if "substantial evidence exists to support the decision, meaning more than a scintilla but less than a preponderance." *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 583 (8th Cir. 2008) (quoting *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1162 (8th Cir. 1998)) (internal quotation marks omitted).

In *Reindl*, the Eighth Circuit found reasonable Hartford's determination that a letter similar to the one here did not constitute an appeal but a mere "request for documents [plaintiff's] lawyer sought to review before determining whether to file an appeal in the future." *Reindl*, 705 F.3d at 788.  Specifically, the letter in *Reindl* read:

> I have been retained to assist the above-named individual in her Long Term Disability (LTD) benefits.

> This letter is to request a copy of any and all medical records you may have in your file on my client. Also, copies of any other documents you might have regarding my client's medical condition would be helpful.
>
> I have enclosed a HIPPA signed by my client to enable you to release copies of these records to me.
>
> We will be reviewing the records and obtaining additional medical information for my client's appeal of the decision to terminate her Long Term Disability (LTD) benefits.
>
> Thank you for your help in this matter.

*Id.* at 786. The plaintiff had asserted to the district court that this letter constituted a "notice of appeal," if not an appeal itself, sufficient to satisfy the exhaustion requirement. *Reindl*, 861 F. Supp. 2d at 999. The district court determined that Hartford's decision to the contrary was reasonable, however, and granted summary judgment. *Id.* at 1002-03.

The Eighth Circuit affirmed after also finding Hartford's determination reasonable. *Reindl*, 705 F.3d at 788. The Eighth Circuit noted that the plaintiff did not send her letter to the address for appeals provided in her termination letter. *Id.* Further, the plaintiff's letter merely requested copies of documents despite the termination letter's instruction that an appeal "should clearly outline your position and any issues or comments you have in connection with your claim and our decision to deny your request for benefits under the Policy." *Id.* Lastly, the only reference to an appeal in the plaintiff's letter used the future tense. *Id.*

Like the plaintiff in *Reindl*, Mr. Deaton claims that his May letters provided notice of appeal. Also like *Riendl*, however, Mr. Deaton's counsel did not send the May letters to the address specified for appeals by his termination letter; neither letter clearly stated Mr. Deaton's position, as instructed by his termination letter, but instead merely requested copies of documents and clarifications; and both letters referenced an appeal in the future tense by requesting information on the timeline within which to submit it. Under these circumstances and

based on *Reindl*, the Court determines that Hartford reasonably could have construed the May letters as not providing adequate notice of an appeal or constituting an appeal but instead as mere requests for documents that Mr. Deaton's "lawyer sought to review before determining whether to file an appeal in the future." *Id.*

Second, Mr. Deaton argues that Hartford's termination letter did not comply with the policy's requirements for an appealable denial.  Mr. Deaton points to two pages of the policy. Page 16 of the policy states that:

> If a claim for benefits is wholly or partly denied, you will be furnished written notification of the decision.  The written notification will . . . provide an explanation of the review procedures.

(Dkt. No. 4-1, at 16).  Page 22 of the policy states that:

> Any adverse benefit determination will be in writing and will include . . . a description of the review procedures and time limits applicable . . . .

(*Id.* at 22).  Though Mr. Deaton admits that the termination letter informed him of "a proposed time limit within which to appeal and provided the basics with respect to form of the appeal and where to send it," he argues that the termination letter "did not even allude to the procedure for reviewing the appeal" and that he "never received a description of the review procedures applicable to his denial" (Dkt. No. 10, at 5-6).

Based on the evidence in the light most favorable to the nonmoving party Mr. Deaton, a reasonable juror must conclude that Hartford's termination letter complied with the policy's requirements and thus is an appealable denial.  The termination letter advised Mr. Deaton as to when and how to appeal and of the address where to send the notice of appeal.  Contrary to Mr. Deaton's claim, it also described the procedures for reviewing his appeal:

> Once we receive your appeal, we will again review your entire claim, including any information submitted and any additional information received with your appeal.  Upon completion of this review, we will advise you of our determination.

After you appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

(Dkt. No. 8-1, at 6).

* * *

Because no genuine issue of material fact exists as to the reasonableness of Hartford's determination that Mr. Deaton failed to exhaust timely his administrative remedies and that the time for doing so has passed, and because Hartford's termination letter constituted an appealable denial, the Court grants Hartford's motion and dismisses this action with prejudice.

SO ORDERED this 9th day of September, 2014.



_____
Kristine G. Baker
United States District Judge